Jon Webster (State Bar No. 138786)
Michael Devin (State Bar No. 107630
THE LAW OFFICES OF JON WEBSTER
1985 Bonifacio Street, Suite 102
Concord, CA 94520-2264
Telephone:   (925) 686-8790
Facsimile:    (925) 686-8795
E-Mail: jon@jwcounsel.com

Attorneys for Complainant:
ARLENE HILL, individually
and dba "The Gold Mart"

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLENE HILL, individually and d.b.a "The Gold Mart," <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF SANTA CRUZ, STEVE ROBBINS, in his individual and official capacity as Sheriff-Coroner of Santa Cruz county, and ART FROLLI, in his individual and official capacity as Detective, Santa Cruz County Sheriff's Office, <br><br> Defendants. | COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND COSTS <br><br> Violation of Civil Rights, (42 U.S.C. §1983), Deprivation of Due Process under the United States and California Constitutions, and for Declaratory Relief (28 U.S.C. §2201) <br><br> DEMAND FOR JURY TRIAL <br><br> C07-04590 HRL |

## SUBJECT MATTER JURISDICTION

1.   Plaintiff seeks to establish and vindicate her rights accorded to her under Title 42 of the United States Code, Section 1983. Plaintiff further pursues remedies accorded to her under California statute and common law. On this basis, the United States District Court has original subject matter jurisdiction over the federal claim and supplementary jurisdiction over the state law claims.

///

///

///

# VENUE

2. This Complaint and the causes of action set forth herein, arise from the unlawful acts and practices of the Defendants, all employees and/or agents of the County of Santa Cruz, a public entity.

3. The acts complained of and as hereinafter alleged all occurred in the County of Santa Cruz or the County of Santa Clara, State of California. The acts of the defendants named herein and as set forth in the following paragraphs constitute "state action" as the term has been interpreted by relevant case law. Venue is properly vested in this District Court.

**Intra District Assignment - San Jose Branch Assignment**

4. Assignment to the San Jose branch office of the Northern District of California is proper because each of the defendants actions complained of herein occurred in the County of Santa Cruz and the County of Santa Clara.

# PARTIES

5. Plaintiff, ARLENE HILL is a citizen of the United States and at all times relevant herein did business as "The Gold Mart," a business licensed by the State of California as a collateral lender (pawn shop) and secondhand dealer.

6. Defendant, COUNTY OF SANTA CRUZ is, and at all times herein mentioned was, a public entity duly organized and operated under the laws of the State of California with the powers to sue and be sued.

7. Defendant, STEVE ROBBINS is, and at all times relevant was, the Sheriff-Coroner of the County of Santa Cruz and was the executive officer of that law enforcement agency.

8. Defendant, ART FROLLI is, and at all times relevant was, employed as a Deputy Sheriff of the County of Santa Cruz and held the position of "Detective" in that law enforcement agency.

///

///

///

**LEGAL CONTENTIONS COMMON TO ALL CAUSES OF ACTION**

9.      The acts complained of were performed under the color of California law, or under the custom or usage of the COUNTY OF SANTA CRUZ, STEVE ROBBINS, Sheriff, and ART FROLLI, Deputy Sheriff, and these acts violated Title 42 U.S.C. Section 1983 in that they deprived plaintiff, ARLENE HILL of the protections guaranteed by the Fourth and Fifth Amendments to the United States Constitution, applicable to the States by reason of the Fourteenth Amendment, guarantying the right to be secure in one's person and property, the right to be free from unreasonable searches and seizures, and the right to not be deprived of property without due process of law and Article 1, Sections 1, 7(a) and 13 of the California Constitution guarantying the right of plaintiff to certain inalienable rights, including the right to enjoy and defend life and liberty, acquire possess and protect property and to pursue and obtain safety, happiness and privacy, and forbidding the deprivation of life, liberty, or property without due process of law or the equal protection of the laws; and securing the right of citizens to be free from unreasonable searches and seizures by requiring a search warrant issue only upon probably cause and supported by oath or affirmation.

10.     In addition, the acts of defendants deprived plaintiff of the protections provided by California Business and Professions Code ("Cal. Bus. & Prof.") §21647 (a statutory mechanism for police to place a hold on property for the duration of any criminal investigation and for returning the property to a collateral lender upon the conclusion of the investigation) and California Financial Code ("Cal. Fin. Code") §§21206.7, 21206.8 (Requiring peace officers to leave receipts for items taken from a collateral lender and for providing a hearing to address the competing claims between an alleged crime victim and a collateral lender to property securing a collateral loan when items are seized by a warrant or other means).

11.     The loss of plaintiff's possessory and security interests in the property identified herein was a result of the wilful conduct of defendant FROLLI acting in his individual capacity and in the course and scope of his employment as a deputy sheriff of defendants ROBBINS and COUNTY OF SANTA CRUZ.

12. The conduct of FROLLI in seizing the property from plaintiff, and in subsequently undertaking or directing that the property be returned to the person FROLLI identified as more deserving without following the requirements of state law as described herein is in wanton disregard for the due process rights of plaintiff and others similarly situated and constitutes the official "custom, policy and practice" of the COUNTY OF SANTA CRUZ, and was conduct designed to punish plaintiff for being a pawn broker and/or for her exercise of her statutory rights to due process of law. Further, FROLLI's conduct in dealing with the plaintiff in the manner described herein was consistent with the policy and training of defendants ROBBINS and the COUNTY OF SANTA CRUZ.

13. The conduct complained of in this complaint was also the result of the deficient training and policies of the defendants, ROBBINS and COUNTY OF SANTA CRUZ, and the deficient policies and training constituted the moving force behind the deprivation complained of by the plaintiff. ROBBINS as the Sheriff, and the COUNTY OF SANTA CRUZ is directly liable to the plaintiff for the deprivation of her civil and constitutional rights.

14. Plaintiff was denied her possessory and security interests in the seized property as accorded to her under the California and federal constitutions, Business & Professions Code §21647(f), and her statutory rights to notice, and a meaningful opportunity to be heard required under Cal. Fin. Code, § 21206.8. Further, Claimant's civil rights protected under 42 U.S.C. §1983 were deprived under the color of law by the conduct of each of the defendants named herein.

15. As a direct and proximate result of the conduct as herein alleged, the plaintiff was deprived of her possessory and security interests in the property seized from her by FROLLI, said property being seized and disposed of without notice or an opportunity to be heard. Further, plaintiff was exposed to public ridicule for simply having issued a collateral loan on the property FROLLI seized.

///

///

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

16. On or about July 14, 2005, defendant, ART FROLLI, while employed by and acting in his official capacity as a sheriff's detective for the COUNTY OF SANTA CRUZ directed a civilian, an alleged crime victim, to enter plaintiff's store, "The Gold Mart" in the City of San Jose, California. FROLLI, thereafter directed the unknown citizen to seize, with the assistance of a San Jose police officer property then in the possession of the plaintiff. This property was taken as security for a collateral loan issued by plaintiff. Said property consisted of the following:

    (i) a pair of 18kt diamond earrings;
    (ii) a diamond heart pendant with a 20" chain, and
    (iii) a pearl necklace with a jade clasp and matching earrings.

17. The afore-described property then in the possession of plaintiff secured collateral loans, i.e., pawn loans identified as loan contracts, 4020, 4021 and 4022. Said items of pledged property were lawfully in the possession of the possession of the plaintiff as a licensed pawn broker.

18. A San Jose police officer who was summoned to the plaintiff's store correctly refused to assist the civilian to FROLLI. Plaintiff telephoned FROLLI's office. FROLLI was not at his telephone, so plaintiff left a voice mail message advising FROLLI of the following: (1) Plaintiff was then in possession of the items the woman he had sent to her store was seeking; (2) The property secured collateral loans the plaintiff's shop had issued to the pledger; (3) Plaintiff would be happy to place the items on a 90 day statutory hold if FROLLI issued her a statutory hold via fax pursuant to Cal. Bus. & Prof. §21647.

19. On or about July 21, 2005, FROLLI sent by facsimile a letter to plaintiff notifying her that FROLLI was placing a 90 day hold on the aforementioned property pursuant to Cal. Bus. & Prof. Code, §21647. A true and correct copy of this letter is attached hereto an labeled "Exhibit A."

///

///

///

20. On July 22, 2005, plaintiff's counsel sent a letter, also by facsimile confirming the plaintiff's receipt of the 90 day hold notice transmitted by FROLLI. Attached thereto was a copy of the Ninth's Circuit's decision in *G&G Jewelry v. City of Oakland*, 989 F.2d 1093 (9th Cir. 1993) as confirmation that once criminal proceedings were concluded, the property placed on hold had to be returned to the plaintiff. A true and correct copy of this correspondence and its attachment is secured to this complaint and labeled "Exhibit B."

21. On or about October 12, 2005, the plaintiff sent FROLLI a courtesy reminder that the statutory hold would be expiring, unless extended. A true and correct copy of this correspondence is attached hereto and labeled, "Exhibit C."

22. On or about October 14, 2005, FROLLI came into The Gold Mart. He presented a single page document entitled, "Court Order." (A true and correct copy of this document is attached hereto and labeled, "Exhibit D.") In pertinent part the "Court Order stated:

> "Having considered the affidavit of Detective Art Frolli, (hereinafter affiant) of the Santa Cruz County Sheriff's Office, this court finds as follows: the property ordered into the custody of the Santa Cruz Sheriff's Office as evidence in an ongoing criminal investigation; the criminal offense under investigation is grand theft. It is hereby ordered that the property listed in ADDENDUMS 1, 2 & 3; being held by the Pawnbroker/Secondhand dealer listed above be ordered into the custody of the Santa Cruz Sheriff's Office as part of their ongoing investigation into Case #05-4033."

23. FROLLI demanded that the property he had earlier placed on the ninety day statutory hold be surrendered pursuant to "ADDENDUM NO. 3" of the "Court Order." Plaintiff did as directed, and surrendered the property to FROLLI.

24. For his part, FROLLI gave plaintiff an incomplete form entitled, "Santa Cruz County Sheriff-Coroner Evidence and Photographic Report," a true and correct copy of this form is attached hereto and labeled, "Exhibit E." The form did not list the items of property FROLLI had taken from the plaintiff as required by California Financial Code § 21206.7. In addition, FROLLI did not advise then or subsequently thereafter ever advise the plaintiff or her representatives when or where the plaintiff could recover the property. The property was never seen again.

25. On or about September 22, 2006, after plaintiff had not received any word about the property FROLLI had taken from plaintiff's possession, plaintiff's counsel telephoned the Evidence Clerk for the Santa Cruz County Sheriff's Office in an effort to ascertain whether the items were still being held as evidence in a pending criminal investigation. This clerk advised plaintiff's counsel that the property "[H]ad been given back to the crime victim."

26. FROLLI, ROBBINS and COUNTY OF SANTA CRUZ undertook and/or directed the property taken from plaintiff be given to someone other than the plaintiff. This act was in contravention of the plaintiff's Civil Rights, in contravention of Cal. Bus. & Prof. Code, §21647(f) mandating that property placed on a statutory hold be returned to the pawnbroker at the conclusion of any criminal investigation.

27. The conduct of FROLLI, ROBBINS, and COUNTY OF SANTA CRUZ in undertaking and/or directing the property not be returned to the plaintiff from whom the property was taken violated plaintiff's rights to a hearing as required by Cal. Financial Code, §21206.8.

28. On January 25, 2007, plaintiff duly filed her governmental claim with the Clerk of the Board of COUNTY OF SANTA CRUZ. On March 7, 2007, the COUNTY OF SANTA CRUZ denied the claim. (See, "Exhibit F"). This action was properly commenced for California statutory relief within the requisite 182 days after the denial of the plaintiff's claims.

29. Further, plaintiff suffered mental and emotional distress, and public ridicule as a direct and proximate result of the conduct of FROLLI, ROBBINS and COUNTY OF SANTA CRUZ.

///
///
///
///
///

**FIRST CAUSE OF ACTION
- DEPRIVATION OF CIVIL RIGHTS -
[42 U.S.C. §1983]
As to the County of Santa Cruz and as to Sheriff Robbins and Deputy Sheriff Frolli
in Their Individual and Official Capacities**

30.   Plaintiff incorporates paragraphs 1 through 29 of the complaint as though fully set forth herein.

31.   By reason of the defendants' acts taken with regard to the seizure of the subject property and their acts to give away the property, plaintiff HILL has been deprived of her rights, privileges and immunities secured them by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States, Article 1, Sections 1, 7(a) and 13 of the California Constitution. Plaintiff was deprived of her possessory and security interests in the seized property without being accorded her constitutional and statutory rights to notice and a meaningful opportunity to be heard. This deprivation was occasioned under color of state law through the conduct of FROLLI in obtaining an ex-parte "Court Order" directing the seizure of the property, and the defendants' undertaking and/or directing that the property then in their possession be delivered to person(s) the defendants believed were more deserving than the plaintiff.

32.   The defendants, COUNTY OF SANTA CRUZ and ROBBINS have been deliberately indifferent to the rights of plaintiff and those persons similarly situated to the plaintiff by failing to implement meaningful policies designed to protect the Civil Rights of plaintiff and to act in accordance with state and federal laws. Defendants COUNTY OF SANTA CRUZ and ROBBINS have also failed to properly train deputy sheriffs like FROLLI as to state and federal due process protections accorded to plaintiff and those similarly situated to plaintiff, i.e., pawnbrokers and secondhand dealers.

33.   Plaintiff further alleges that as a direct result of this indifference, the plaintiff has suffered damages including the loss of her possessory and security interests in the personal property seized from The Gold Mart by FROLLI. Plaintiff has further suffered a loss of business income, loss of reputation and emotional distress.

///

34. The conduct of Detective FROLLI in seizing the subject property from the plaintiff and in subsequently undertaking to or directing that the property be delivered to persons more deserving than the plaintiff in contravention that said property be returned to the plaintiff at the conclusion of any criminal investigation as required by Cal. Bus. & Prof. Code §21647(f), was done with wanton disregard for the due process rights of plaintiff constitutes the official "custom, policy and practice" of the defendants, COUNTY OF SANTA CRUZ and Sheriff ROBBINS.

35. The defendants, an each of them, knew or reasonably should have known, of their duties with regard to the procedural due process rights that should have been accorded to the plaintiff under state code and federal precedent in that such procedural due process rights were "clear and established" by the decision announced in *G&G Jewelry*.

36. The COUNTY OF SANTA CRUZ, ROBBINS and FROLLI acted in concert with one another to secrete the fact that the property removed from the possession of the plaintiff had been released to the persons the defendants subjectively believed were more deserving. Defendants acted under the color of law and deprived plaintiff HILL of her rights and privileges accorded under the United States Constitution.

37. The COUNTY OF SANTA CRUZ, ROBBINS and FROLLI, and each of them, continuously and routinely deal with plaintiff and other licensed pawnbrokers, and will continue in their unlawful conduct, unless and until restrained by this court. If defendants are not enjoined and restrained, plaintiffs and those similarly situated will suffer immediate and irreparable injury, loss, and damage.

WHEREFORE, Plaintiffs request judgment as hereinafter set forth;

**SECOND CAUSE OF ACTION**
**- VIOLATION OF FEDERAL DUE PROCESS CLAUSE -**
**As to the County of Santa Cruz and as to Sheriff Robbins and Deputy Sheriff Frolli in Their Individual and Official Capacities**

38. Plaintiff incorporates paragraphs 1 through 29 of the complaint, and paragraphs 31 through 37 of the First Cause of Action as though fully set forth herein.

///

39. Plaintiffs has deprived of her rightful possessory and security interests in the subject property removed from The Gold Mart by the acts of the Detective FROLLI and the conduct of COUNTY OF SANTA CRUZ and ROBBINS in violation of the Fourteenth Amendment to the United States Constitution.

40. By secretly obtaining a "Court Order" without notice to the plaintiff, by subsequently seizing the subject property from plaintiff and by thereafter giving the property taken from the plaintiff's possession to person(s) the defendants believed were more deserving, all without any notice or opportunity to be heard, Defendants COUNTY OF SANTA CRUZ, ROBBINS and FROLLI denied a fundamental right of the plaintiff to Due Process.

WHEREFORE, Plaintiffs request judgment as hereinafter set forth;

### THIRD CAUSE OF ACTION
### - VIOLATION OF CALIFORNIA DUE PROCESS CLAUSE -
**As to the County of Santa Cruz and as to Sheriff Robbins and Deputy Sheriff Frolli in Their Individual and Official Capacities**

41. Plaintiff incorporates paragraphs 1 through 29 of the complaint, and paragraphs 31 through 37 of the First Cause of Action as though fully set forth herein.

42. By seizing the property as herein set forth from the plaintiffs and by subsequently undertaking and/or directing the delivery of that property to person(s) other than the plaintiff, the defendants, COUNTY OF SANTA CRUZ, ROBBINS and FROLLI wilfully and/or negligently deprived the plaintiff of her lawful possessory and security interests in said property in contravention to the statutory obligations of the defendants imposed by Cal. Bus. & Prof. Code, §21647(f).

43. By acting in contravention of the requirements of Cal. Bus. & Prof. Code, §21647(f), the Defendants COUNTY OF SANTA CRUZ, ROBBINS and FROLLI deprived the Plaintiff of her possessory and security interests in the subject property without due process of law in violation of Article I, Sections 1, 7(a) and 13 of the California Constitution.

WHEREFORE, Plaintiffs request judgment as hereinafter set forth;

///

**FOURTH CAUSE OF ACTION**
**- DECLARATORY RELIEF -**
**28 United States Code 2201**
**As to the County of Santa Cruz and as to Sheriff Robbins and Deputy Sheriff Frolli in Their Individual and Official Capacities**

44. Plaintiff incorporates paragraphs 1 through 29 of the complaint, and paragraphs 31 through 37 of the First Cause of Action as though fully set forth herein.

45. An actual controversy now exists between the plaintiff, ARLENE HILL, and each of the defendants named herein. Said controversy includes (1) whether pawnbrokers have a Fourteenth Amendment Right to procedural due process over their possessory and security interests in their collateral; (2) whether Cal. Bus. & Prof. Code, §21647 requires any property placed on a "90 day hold" be returned to the pawnbroker at the completion of criminal proceedings regardless of whether the items are subsequently removed by "Court Order," (3) whether a pawnbroker who possesses property placed on a 90 day hold is entitled to notice and an opportunity to be heard before a "Court Order" can be sought by the defendants; and (4) whether pawnbrokers are entitled to notice and an opportunity to be heard as codified by Cal. Fin. Code §21206.8 before a magistrate who issues a "Court Order" removing the property from the possession of a pawnbroker *before* that property is released to persons the defendants believe are more worthy than the pawnbroker.

46. Unless the court issues an appropriate declaration of rights, the parties will not know whether the defendants' conduct as herein set forth complies with the fundamental mandates the due process clauses of the United States and California Constitutions provide. Absent such a declaration, there will continue to be disputes and controversy surrounding the defendants' conduct, policies, practices, habits and/or training as such relates to the plaintiff and other licensed pawnbrokers in the State of California.

47. Because the conduct of the defendants as herein set forth occurs quickly and without notice to a pawnbroker, thousands of similarly situated pawnbrokers and secondhand dealers may potentially be illegally deprived of their protected property interests before they could petition for a meaningful opportunity to be heard. Indeed, the conduct complained of herein could reoccur with this very plaintiff before she could seek relief from a court.

48. Defendants have a constitutional obligation not to infringe upon plaintiffs' due process rights. Unless compelled to refrain from interfering with plaintiffs' due process rights, defendants are unlikely to cease and desist from their present practice.

67. Plaintiff has no plain, speedy or adequate remedy at law to correct Defendants' conduct as alleged herein.

68. The plaintiff has suffered irreparable injury as a proximate result of the conduct of defendants COUNTY OF SANTA CRUZ, ROBBINS and FROLLI. Said damages include but are not limited to loss of the possessory and security interests in the subject property, loss of the value of the collateral, loss of interest and/or business income, and emotional distress. The full extent of damage to the plaintiff is yet to be determined. Plaintiff will amend this complaint once she has ascertained with particularity her specific damages.

WHEREFORE, Plaintiff prays for the following relief:

1. The immediate issuance of a temporary restraining order, followed by a preliminary injunction, and ultimately by a permanent injunction requiring Defendants to:

   (A) provide Plaintiff and those similarly situated to Plaintiff with the appropriate due process mandated by the Constitutions of the United States and California, and

   (B) immediately return to the Plaintiff and to those similarly situated all property placed on a "90 day hold" under the provisions of the California Business and Professions Code, Section 21647 when criminal proceedings have ceased, and

   (C) provide a pawnbroker or secondhand dealer with a receipt as required by Cal. Fin. Code §21206.7 identifying each and every item removed from a pawnbroker, and

///
///
///

      (D)    schedule a property hearing only after the Defendants have received a "Declaration of Ownership" actually completed by a party claiming an ownership interest in property seized from a pawn broker or secondhand dealer, and only after the issue is laid before the magistrate who has issued a seizure order, and

      (E)    if the property removed from the possession of a pawnbroker or secondhand dealer is not first placed on hold, to hold said property taken in evidence until the criminal proceedings are concluded and releasing said property only after a properly noticed "property hearing" is conducted pursuant to Cal. Fin. Code §21206.8, with said hearing be conducted by any magistrate who may have issued an order effecting the disposition of the property pursuant to cal. Penal Code 1407, et seq.

2. An award of damages under the due process clauses of the Constitutions of the United States and California, and under 42 United States Code, Section 1983, fully compensating the plaintiff for her damages, including an award of punitive and exemplary damages against the individual defendants, ROBBINS and FROLLI.

3. An award of costs, including attorneys fees pursuant to 42 United States Code, Section 1988 and California Code of Civil Procedure, Section 1021.5.

4. For such other and further relief as the court deems proper.

Dated: September 5, 2007

                                            JON WEBSTER
                                            Attorney for Plaintiff
                                            ARLENE HILL, individually and doing business as "The Gold Mart"