1  DANA McRAE, State Bar No. 142231
   County Counsel, County of Santa Cruz
2  JASON M. HEATH, State Bar No. 180501
   Assistant County Counsel
3  701 Ocean Street, Room 505
   Santa Cruz, California 95060
4  Telephone: (831) 454-2040
   Fax: (831) 454-2115
5
6  **Attorneys for Defendant County of Santa Cruz**
7
8                  UNITED STATES DISTRICT COURT
9         NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| ARLENE HILL, individually and d.b.a. "The Gold Mart," | Case No. C07-04590 HRL |
|      Plaintiff, | **ANSWER OF DEFENDANT COUNTY OF SANTA CRUZ; DEMAND FOR JURY TRIAL** |
| v. | |
| COUNTY OF SANTA CRUZ, STEVE ROBBINS, in his individual and official capacity as Sheriff-Coroner of Santa Cruz County, and ART FROLLI, in his individual and official capacity as Detective, Santa Cruz County Sheriff's Office, | |
|      Defendants. | |

20    Defendant County of Santa Cruz (hereinafter "defendant") answers the complaint of Arlene

21 Hill (the "complaint") as follows:

22    1.  Answering the allegations in the first, second, third and fourth paragraphs of the

23 complaint, defendants admit that this Court has jurisdiction over this action and that this Court is the

24 proper venue for this action.  Except as expressly admitted herein, defendant denies the remaining

25 allegations in these paragraphs.

26    2.  Answering the allegation in the fifth paragraph of the complaint, defendant lacks

27 sufficient information to admit or deny whether the Gold Mart is a licensed business and on that

28 basis denies that allegation.

1    3.  Answering the allegations in the sixth, seventh, and eighth paragraphs of the complaint,

2    defendant admits them.

3    4.  Answering the allegations in the ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, and

4    fifteenth paragraphs of the complaint, defendant denies them.

5    5.  Answering the allegations in the sixteenth, seventeenth, and eighteenth paragraphs of the

6    complaint, defendant lacks sufficient information to admit or deny the allegations, and on that basis

7    denies them.

8    6.  Answering the allegations in the nineteenth paragraph of the complaint, defendant admits

9    them.

10    7.  Answering the allegations in the twentieth, twenty-first, twenty-second, twenty-third,

11    twenty-fourth, and twenty-fifth paragraphs of the complaint, defendant lacks sufficient information

12    to admit or deny the allegations, and on that basis denies them.

13    8.  Answering the allegations in the twenty-sixth paragraph of the complaint, defendant lacks

14    sufficient information to admit or deny the allegations in the first sentence, and on that basis denies

15    them.  Defendant denies the allegations in the second sentence that plaintiff's civil rights were

16    violated.  To the extent that plaintiff attempts to characterize what California Business and

17    Professions Code section 21647(f) requires, the statute speaks for itself.

18    9.  Answering the allegations in the twenty-seventh paragraph of the complaint, defendant

19    denies them.

20    10.  Answering the allegations in the twenty-eighth paragraph of the complaint, defendant

21    admits that plaintiff filed a governmental claim and that this action was filed within 182 days after

22    that claim was denied.

23    11.  Answering the allegations in the twenty-ninth paragraph of the complaint, defendant

24    denies them.

25    12.  As there are no substantive charging allegations in the thirtieth paragraph of the

26    complaint, defendant neither admits nor denies the allegations therein.

27    13.  Answering the allegations in the thirty-first, thirty-second, thirty-third, thirty-fourth,

28    thirty-fifth, thirty-sixth, and thirty-seventh paragraphs of the complaint, defendant denies them.

14.  As there are no substantive charging allegations in the thirty-eighth paragraph of the complaint, defendant neither admits nor denies the allegations therein.

15.  Answering the allegations in the thirty-ninth and fortieth paragraphs of the complaint, defendants deny them.

16.  As there are no substantive charging allegations in the forty-first paragraph of the complaint, defendant neither admits nor denies the allegations therein.

17.  Answering the allegations in the forty-second and forty-third paragraphs of the complaint, defendant denies them.

18.  As there are no substantive charging allegations in the forty-fourth paragraph of the complaint, defendant neither admits nor denies the allegations therein.

19.  Answering the allegations in the forty-fifth, forty-sixth, forty-seventh, and forty-eighth paragraphs of the complaint, defendant admits that a controversy exists to the extent that plaintiff has sued defendant and admits that the law speaks for itself.  Except as expressly admitted herein, defendant denies the remaining allegations in these paragraphs.

20.  Answering the allegations in the forty-ninth and fiftieth paragraphs of the complaint (mistakenly enumerated as sixty-seven and sixty-eight), defendants deny them.

## SEPARATE DEFENSES

**SEPARATE DEFENSE NO. 1**:  The complaint and each cause of action therein fail to allege facts sufficient to constitute a cause of action.

**SEPARATE DEFENSE NO. 2**:  Defendant and its employees did not act with malicious intent and did not deprive plaintiff of any right, privilege, or immunity guaranteed by the Constitution or laws of the United States.

**SEPARATE DEFENSE NO. 3**:  Defendant asserts that insofar as its alleged liability is based upon its status as an employer, it is not liable for damages under the doctrine of respondeat superior.

**SEPARATE DEFENSE NO. 4**:  Defendant may be entitled to absolute, or qualified, prosecutorial immunity.

**SEPARATE DEFENSE NO. 5**:  Because the Complaint is couched in conclusory terms, defendant cannot fully anticipate all affirmative defenses that may be applicable to this matter.  Accordingly,

the right to assert separate affirmative defenses, if and to the extent such affirmative defenses are applicable, is hereby reserved.

WHEREFORE, defendant County of Santa Cruz prays as follows:

1.  That judgment be entered in favor of defendant and against plaintiff on the complaint as a whole, and each cause of action therein, and that plaintiff take nothing by way of the complaint;

2.  That the complaint, and each cause of action therein, be dismissed with prejudice;

3.  That plaintiff's request for injunctive relief be denied;

4.  That defendant be awarded the costs, expenses and attorney fees incurred in this action; and

5.  That the court grant such additional relief as it deems proper.


Dated: November 29, 2007                   DANA McRAE, COUNTY COUNSEL


By: _____/S/_____
         JASON M. HEATH
         Assistant County Counsel
         **Attorneys for Defendant County of Santa Cruz**


## DEMAND FOR JURY TRIAL


Defendant County of Santa Cruz hereby demands a trial by jury in this case.


Dated: November 29, 2007                   DANA McRAE, COUNTY COUNSEL


By: _____/S/_____
         JASON M. HEATH
         Assistant County Counsel
         Attorneys for Defendant County of Santa Cruz


*Hill v. County of Santa Cruz, et al.*
Case No. C07-04590 HRL                                  Defendant's Answer, etc.

-4-