1  DANA McRAE, State Bar No. 142231
   County Counsel, County of Santa Cruz
2  JASON M. HEATH, State Bar No. 180501
   Assistant County Counsel
3  701 Ocean Street, Room 505
   Santa Cruz, California 95060
4  Telephone: (831) 454-2040
   Fax: (831) 454-2115
5
6  **Attorneys for Defendant County of Santa Cruz,**
   **Sheriff Steve Robbins, and Art Frolli**
7
8                 UNITED STATES DISTRICT COURT
9           NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
10

| ARLENE HILL, individually and d.b.a. "The Gold Mart," | Case No. C07-04590 JW |
|---|---|
| Plaintiff, | **ANSWER OF DEFENDANT ART FROLLI; DEMAND FOR JURY TRIAL** |
| v. | |
| COUNTY OF SANTA CRUZ, STEVE ROBBINS, in his individual and official capacity as Sheriff-Coroner of Santa Cruz County, and ART FROLLI, in his individual and official capacity as Detective, Santa Cruz County Sheriff's Office, | |
| Defendants. | |

        Defendant Art Frolli (hereinafter "defendant") answers the complaint of Arlene Hill (the "complaint") as follows:

        1. Answering the allegations in the first, second, third and fourth paragraphs of the complaint, defendant admits that this Court has jurisdiction over this action and that this Court is the proper venue for this action. Except as expressly admitted herein, defendant denies the remaining allegations in these paragraphs.

2. Answering the allegation in the fifth paragraph of the complaint, defendant lacks sufficient information to admit or deny whether the Gold Mart is a licensed business and on that basis denies that allegation.

3. Answering the allegations in the sixth, seventh, and eighth paragraphs of the complaint, defendant admits them.

4. Answering the allegations in the ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, and fifteenth paragraphs of the complaint, defendant denies them.

5. Answering the allegations in the sixteenth paragraph of the complaint, defendant denies the allegations in the first and second sentences. Concerning the allegations in the third sentence, defendant admits that plaintiff represented that the property was taken as security for a collateral loan. Defendant admits that the property at issue is as approximately described by plaintiff in the fourth sentence. Except as expressly admitted herein, defendant denies any remaining allegations in this paragraph.

6. Answering the allegations in the seventeenth paragraph of the complaint, defendant admits that plaintiff represented that the property secured collateral loans as described. Defendant objects to the allegations in the second sentence as stating a legal conclusion; to the extent the allegations can be read as factual in nature, defendant lacks sufficient information to admit or deny them, and on that basis denies them. Except as expressly admitted herein, defendant denies any remaining allegations in this paragraph.

7. Answering the allegations in the eighteenth paragraph of the complaint, defendant objects that the allegations in the first sentence are vague, ambiguous, and unintelligible, but to the extent defendant can determine what plaintiff is alleging, defendant lacks sufficient information to admit or deny the allegations and on that basis denies them. Defendant admits the allegations in the second and third sentences.

8. Answering the allegations in the nineteenth paragraph of the complaint, defendant admits them.

9. Answering the allegations in the twentieth paragraph of the complaint, defendant admits that plaintiff's counsel sent him the referenced letter with a Ninth Circuit opinion attached and that both the letter and the opinion speak for themselves.

10. Answering the allegations in the twenty-first paragraph of the complaint, defendant admits them.

11. Answering the allegations in the twenty-second paragraph of the complaint, defendant admits the allegations in the first sentence. As for the allegations in the second sentence, defendant admits that he presented a Court Order, but believes that the affidavit and addendum was attached to the Court Order. As for the allegations in the third sentence, defendant admits that the Court Order speaks for itself. Other than as expressly admitted herein, defendant denies any remaining allegations in this paragraph.

12. Answering the allegations in the twenty-third paragraph of the complaint, defendant admits them.

13. Answering the allegations in the twenty-fourth paragraph of the complaint, defendant denies that he gave plaintiff an incomplete form but admits that he did give plaintiff a complete copy of the referenced Evidence and Photographic Report. Defendant denies the allegations in the second sentence. Defendant admits the allegations in the third sentence. Defendant lacks sufficient information to admit or deny the allegations in the fourth sentence, and on that basis denies them.

14. Answering the allegations in the twenty-fifth paragraph of the complaint, defendant lacks sufficient information to admit or deny the allegations, and on that basis denies them.

15. Answering the allegations in the twenty-sixth paragraph of the complaint, defendant denies that he directed the property be given to someone other than plaintiff. Defendant lacks sufficient information to admit or deny that Sheriff Robbins or the County directed the property be given to someone other than plaintiff, and on that basis denies the allegations that they did. Defendant denies the allegations in the second sentence that plaintiff's civil rights were violated. To the extent that plaintiff attempts to characterize what California Business and Professions Code section 21647(f) requires, the statute speaks for itself.

1    16. Answering the allegations in the twenty-seventh paragraph of the complaint, defendant denies them.

2    17. Answering the allegations in the twenty-eighth paragraph of the complaint, defendant admits that plaintiff filed a governmental claim and that this action was filed within 182 days after that claim was denied.

3    18. Answering the allegations in the twenty-ninth paragraph of the complaint, defendant denies them.

4    19. As there are no substantive charging allegations in the thirtieth paragraph of the complaint, defendant neither admits nor denies the allegations therein.

5    20. Answering the allegations in the thirty-first, thirty-second, thirty-third, thirty-fourth, thirty-fifth, thirty-sixth, and thirty-seventh paragraphs of the complaint, defendant denies them.

6    21. As there are no substantive charging allegations in the thirty-eighth paragraph of the complaint, defendant neither admits nor denies the allegations therein.

7    22. Answering the allegations in the thirty-ninth and fortieth paragraphs of the complaint, defendant denies them.

8    23. As there are no substantive charging allegations in the forty-first paragraph of the complaint, defendant neither admits nor denies the allegations therein.

9    24. Answering the allegations in the forty-second and forty-third paragraphs of the complaint, defendant denies them.

10    25. As there are no substantive charging allegations in the forty-fourth paragraph of the complaint, defendant neither admits nor denies the allegations therein.

11    26. Answering the allegations in the forty-fifth, forty-sixth, forty-seventh, and forty-eighth paragraphs of the complaint, defendant admits that a controversy exists to the extent that plaintiff has sued defendant and admits that the law speaks for itself. Except as expressly admitted herein, defendant denies the remaining allegations in these paragraphs.

12    27. Answering the allegations in the forty-ninth and fiftieth paragraphs of the complaint (mistakenly enumerated as sixty-seven and sixty-eight), defendant denies them.

## SEPARATE DEFENSES

**SEPARATE DEFENSE NO. 1**: The complaint and each cause of action therein fail to allege facts sufficient to constitute a cause of action.

**SEPARATE DEFENSE NO. 2**: Defendant did not act with malicious intent and did not deprive plaintiff of any right, privilege, or immunity guaranteed by the Constitution or laws of the United States.

**SEPARATE DEFENSE NO. 3**: Defendant may be entitled to prosecutorial immunity, either absolute or qualified.

**SEPARATE DEFENSE NO. 4**: Defendant is entitled to qualified immunity. Defendant Frolli acted at all times herein relevant in good faith, with due care, within the scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to be in accordance with the Constitution and laws of the United States. There is no liability pursuant to the Federal Civil Rights Act where one acts in good faith and entertains an honest, reasonable belief that one's actions are in accord with clearly established law. (*Harlow* v. *Fitzgerald* (1982) 457 U.S. 800, 818.)

**SEPARATE DEFENSE NO. 5**: Because the Complaint is couched in conclusory terms, defendant cannot fully anticipate all affirmative defenses that may be applicable to this matter. Accordingly, the right to assert separate affirmative defenses, if and to the extent such affirmative defenses are applicable, is hereby reserved.

WHEREFORE, defendant Art Frolli prays as follows:

1. That judgment be entered in favor of defendant and against plaintiff on the complaint as a whole, and each cause of action therein, and that plaintiff take nothing by way of the complaint;

2. That the complaint, and each cause of action therein, be dismissed with prejudice;

3. That plaintiff's request for injunctive relief be denied;

4. That defendant be awarded the costs, expenses and attorney fees incurred in this action; and

///

///

5. That the court grant such additional relief as it deems proper.

Dated: January 2, 2008     DANA McRAE, COUNTY COUNSEL

By: /S/
JASON M. HEATH
Assistant County Counsel
**Attorneys for Defendants**

## DEMAND FOR JURY TRIAL

Defendant Art Frolli hereby demands a trial by jury in this case.

Dated: January 2, 2008     DANA McRAE, COUNTY COUNSEL

By: /S/
JASON M. HEATH
Assistant County Counsel
**Attorneys for Defendants**